**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY V. BOWMAN,**

        **Plaintiff,**

-vs-                                       **Case No.  6:07-cv-1493-Orl-31KRS**

**STEVEN RIZIK S/A, MICHAEL STUPAR**
**S/A and CHARLES GRAHAM A/GS,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED:** **September 19, 2007**

> **MOTION:** **MOTION TO APPOINT COUNSEL (Doc. No. 5)**
>
> **FILED:** **September 28, 2007**

      On September 19, 2007, Plaintiff Jeffrey Bowman filed a complaint against alleged DEA agents Steven Rizik, Michael Stupar, and Charles Graham.  Doc. No. 1.  Bowman also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees.  Doc. No. 2.  Shortly thereafter, Bowman filed a motion requesting that counsel be provided on his behalf.  Doc. No. 5.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Bowman's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## I. ALLEGATIONS OF THE COMPLAINT.

The complaint, which consists of one long, narrative paragraph, alleges that the defendant DEA agents were involved in an "illegal investigation" which led to Bowman "losing [his] job, . . . [his] home, and ultimat[el]y destroying [his] marriage." Doc. No. 1 at 2. The investigation began in 2001, while Bowman was working for Sears in North Carolina. *Id.* at 2, 4. Defendant Charles Graham was working alongside him at Sears. *Id.* at 2. In 2002, Bowman changed jobs and began working at Lowe's. While working there, an individual not named as a defendant, Tom Polk, who

Bowman also alleges is a DEA agent, engaged Bowman in a "very heated verbal argument" that led to a physical altercation. *Id.* at 2-3. Bowman almost lost his job because of the altercation, which was Polk's intent. *Id.* at 3.

When Polk's attempt to get Bowman fired failed, the DEA tried to force Bowman out of his job. Bowman's hours were reduced from forty hours to six hours a week. *Id.* When his wife was offered a position in Orlando, Bowman transferred to the Lowe's in Orlando. *Id.* at 3-4. While there, he experienced more harassment from the DEA. *Id.* at 4.

Bowman alleges that while working in Orlando, he came into contact with a DEA agent not named as a defendant, Bob Heina. This agent had Bowman fired from his job. *Id.*

The DEA also began to harass Bowman's wife at work. *Id.* Defendant Stupar obtained a job beside Bowman's wife so that he could sexually harass her while under the pretext of proof-reading her work. *Id.*

**II.     ANALYSIS.**

It is unclear what claims Bowman intends to assert. He does not identify any recognizable cause of action. The complaint fails to allege any wrongdoing by Defendants Rizik or Graham. Furthermore, Bowman does not specify what sort of relief he seeks. Thus, the complaint does not contain a short and plain statement showing an entitlement to relief, and is accordingly deficient under the applicable standard.

Furthermore, absent an identifiable cause of action, it is unclear what, if any, basis for federal jurisdiction exists in this case. Bowman does not specify any federal constitutional or statutory provisions that he believes were violated. Accordingly, it does not appear that this Court could exercise federal question jurisdiction. 28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Bowman does not allege the state in which the defendants are citizens, and there is no indication of any amount of money that is in controversy. Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed. The Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend, if appropriate. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

In the event Bowman elects to file an amended complaint, he must specifically identify what actions taken by the defendants allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Bowman must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must explain the actions taken by the defendants that allegedly violated the cited provision, describe how he was harmed by the defendant's actions, and describe the relief sought from the Court. If Bowman intends to assert a claim based on state law, he must show that this Court could exercise diversity jurisdiction, as discussed above. Bowman should indicate the date or dates on which the alleged violations occurred. Bowman must also identify the defendants with reasonable specificity by providing their complete names and addresses. Finally, Bowman should not include allegations about persons not named as defendants.

Bowman also seeks to have an attorney appointed to represent him in this case. It is well established that "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170

F.3d 1312, 1320 (11th Cir. 1999). No exceptional circumstances exist to support appointment of counsel in this case.

### III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I recommend that Bowman's motion to appoint counsel, doc. no. 5, be **denied**. I further recommend that the Court give Bowman eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint that sets forth a cause of action and that states the basis of this Court's jurisdiction. If an amended complaint is filed, Bowman may filed a renewed motion to proceed *in forma pauperis*.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 4, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy